**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHAUNTA GUYTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-26-1159-HE** |
| | ) | |
| BROOKDALE SENIOR | ) | |
| LIVING COMMUNITIES, INC., | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Shaunta Guyton filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Original Application"), Doc. 2. United States District Judge Joe Heaton referred the Original Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon order of the Court, Plaintiff filed a new Application to Proceed in District Court Without Prepaying Fees or Costs ("Amended Application"), Doc. 5. After review, the undersigned recommends that the Court deny the Amended Application.[1]

---

[1] Because the Amended Application moots Plaintiff's Original Application, the undersigned considers only Plaintiff's Amended Application and recommends denying the Original Application, Doc. 2, as moot.

I.      **Discussion**

The filing fee for a civil case in this Court is $405.00.[2] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

A.      **Factors for consideration**

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). The undersigned has not reviewed the complaint. Doc. 1; *see* Doc. 3 (referring only the Original Application). But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Amended Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are

---

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched*. ¶ 14.

relevant for consideration of an IFP application).  With respect to income, the Court considers the degree to which Plaintiff's monthly income exceeds her monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars").

### B.    Plaintiff's financial information

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on her Amended Application.  Plaintiff attests that her take-home pay is $803.45 every two weeks, which equates to approximately $1,740.81 per month.  Doc. 2 at 1. Plaintiff also attests that she receives $465.00 monthly in governmental food assistance, but the undersigned did not consider that as part of Plaintiff's income because she did not include food in her monthly expenses. *Id.*  Plaintiff states she owns an automobile valued at $5,500.00. *Id.* at 2.  She also reports $2,100.00 in cash or a bank account. *Id.*  Plaintiff further attests she has $1,403.00 in monthly expenses. *Id.*

Based on the information provided in the Amended Application, the undersigned recommends the Court deny the Amended Application.  Plaintiff reports monthly take-home pay that exceeds her monthly expenses by more than $300.00.  In addition, Plaintiff has $2,100.00 available in either cash or a bank account.  "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, [she] does appear to have discretionary income and/or assets and it appears that she has the ability to spend her discretionary funds on filing fees if [she] desires." *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at *2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R),

*adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars"). The undersigned therefore finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

## II.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by June 26, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

4

**ENTERED** this 5th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE